### THE PANAM.

### No. A–137a.

District Court, D. New Jersey.
March 14, 1944.

462

Thorn Lord, U. S. Atty., and Vincent E. Hull, Asst. U. S. Atty., both of Trenton, N. J., for libellant.

Messano & Messano, of Jersey City (Renato C. Giallorenzi, of New York City, of counsel), for claimant.

FAKE, District Judge.

The facts are:

1. That on or about August 8, 1941 the Mt Panam departed from Curacao, Dutch West Indies, bound for New York.

2. That about two months prior to this voyage from Curacao to New York, the Mt Panam had been repaired and had received two seaworthy certificates.

3. That prior to departure and before loading oil at Curacao, the Mt Panam was duly inspected by those in charge of it and was found to be tight, staunch and seaworthy in every respect, and ready to receive cargo.

4. That prior to departure and after loading oil at Curacao, the Mt Panam was duly inspected by those in charge of it and was found to be tight, staunch and seaworthy in every respect.

5. That on August 9, 1941 the Mt Panam encountered strong seas and waves of such force and height that they broke over the decks of the Mt Panam.

6. That due to the continuous pounding which the Mt Panam received, certain rivets below the water line were sprung and became slack.

7. That thereafter oil was observed leaking from the Mt Panam below the water line.

8. That from the time the Mt Panam loaded until August 9, 1941, the day when it encountered heavy weather at sea, no leakage of oil from any part of the Mt Panam was observed.

9. That due to the fact that the Mt Panam was at sea carrying a full load of oil, those in control of said vessel were unable to prevent the leakage of oil through the rivets below the water line, which had become slack.

10. That during the time when the Mt Panam was in New York Harbor no bilges were pumped.

11. That all the necessary steps were taken by those in control of the Mt Panam upon its arrival at New York to discharge its cargo of oil as soon as possible.

12. That the oil was caused to leak from the Mt Panam because of the heavy weather which it encountered on this northbound trip from Curacao to New York.

Conclusions of Law

■ The libellant is not entitled to recover in this action because the discharge of oil upon the coastal, navigable waters of the United States was involuntary and accidental and was caused by the abnormal or unusual pressure or strain upon the vessel when it encountered a storm as it proceeded northbound from Curacao to New York.

The discharge of oil was caused through an unavoidable accident, and is therefore not a violation of the statute, 33 U.S.C.A. § 433.

■ The statute in suit is a penal statute and must be strictly construed.

■ Where oil leaks through rivets which have become slack due to a vessel encountering heavy seas, there can be no violation of the statute aforesaid, which predicates liability upon a discharge of oil which must be intentional or reasonably preventable.

Where there is an involuntary escape of oil through rivets which have become slack because of a storm through which the vessel has proceeded, there can be no violation of the said statute, which predicates liability upon an overt act of commission or omission within the power of the person proceeded against.

The libel should be dismissed.

Let a decree be entered accordingly.